In the Matter of: MF GLOBAL HOLDINGS LTD., Debtor.

Jill Zunshine, Appellant,

v.

James W. Giddens, Trustee for the SIPA Liquidation of MF Global Inc., Appellee,

Securities Investor Protection Corporation, Statutory Intervenor pursuant to Securities Investor Protection Act, 15 U.S.C. 78eee(d), Intervenor.

No. 13–494–bk.

United States Court of Appeals, Second Circuit.

Sept. 25, 2013.

---

Jill Zunshine, pro se, New York, NY, for Appellant.

Jeffrey Margolin, Hughes Hubbard & Reed LLP, New York, NY, for Appellee.

Christopher H.. LaRosa, for Josephine Wang, General Counsel, Securities Investor Protection Corporation, Washington, D.C., for Intervenor.

PRESENT: RALPH K. WINTER, JOHN M. WALKER, Jr., RICHARD C. WESLEY, Circuit Judges.

### *SUMMARY ORDER*

Appellant Jill Zunshine, proceeding *pro se,* appeals from the dismissal of her appeal to the district court, sitting as an intermediate appellate court in a bankruptcy proceeding related to the liquidation of MF Global, Inc. ("MFGI"), from bankruptcy court orders permitting a trustee appointed pursuant to the Securities Investor Protection Act ("SIPA") to require claimants against MFGI's estate to execute a Declaration and Release prior to receiving distribution on allowed claims. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The standard of review is neither contested nor determinative.[1] Here, an independent review of the record and relevant case law reveals that, for the reasons described by the district court, the bankruptcy court properly rejected Zunshine's objections to the Declaration and Release. We affirm substantially for the reasons stated by the district court in its thorough and well-reasoned order. *See Zunshine v. Giddens (In re MF Global Holdings, Inc.),* No. 12–cv–4139, 2013 WL 139594 (S.D.N.Y. Jan. 11, 2013). We have considered all of Zunshine's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

---

1. We conduct a plenary review of a decision of a district court functioning as an intermediate appellate court in a bankruptcy case, review *de novo* the bankruptcy court's legal conclusions, and accept the bankruptcy court's factual findings unless clearly erroneous. *See Morning Mist Holdings Ltd. v. Krys, (In re Fairfield Sentry Ltd.),* 714 F.3d 127, 132 (2d Cir.2013). Under the clear error standard, this Court "will not upset a factual finding unless [it is] left with the definite and firm conviction that a mistake has been committed." *Travellers Int'l, A.G. v. Trans World Airlines, Inc.,* 41 F.3d 1570, 1574 (2d Cir. 1994) (internal quotation mark omitted).